**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 19-CR-00004-CB |
| v. ) | |
| ) | (The Honorable Cathy Bissoon) |
| STEPHEN K. SHANER, ) | |
| ) | |
| Defendant. ) | |

**<u>DEFENDANT'S SENTENCING MEMORANDUM</u>**

AND NOW comes Defendant Stephen K. Shaner, by and through his attorneys Michael A. Comber and Wesley Gorman, Esquires, and the law firm of Reisinger Comber & Miller, LLC, and respectfully submits this Sentencing Memorandum for the Court's consideration in determining an appropriate sentence.

### I. Introduction

Defendant Stephen Shaner is a 71-year-old lifelong resident of Western Pennsylvania. He has pleaded guilty to violations of 21 U.S.C. § 856(a)(2) and 18 U.S.C. § 1957, arising out of his ownership of a medical treatment clinic where the employed physicians prescribed buprenorphine. Mr. Shaner is not himself a physician, and for that reason and the others in this Memorandum, he and the government have agreed, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, that a sentence of three years' probation, with ten months to be served on home confinement, and forfeiture of $1,750,000, is a total sentence sufficient, but not greater than necessary, to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a).

1

Mr. Shaner respectfully asks the Court to accept the parties' agreement and impose the agreed-upon sentence.

## II. Legal Standards

A court should impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). In making its determination, a court considers, among other things, the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, and the advisory Sentencing Guidelines. *Id.* Sentencing courts "consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party." *Gall v. United States*, 552 U.S. 38, 50 (2007).

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties may agree and jointly request "that a specific sentence or sentencing range is the appropriate disposition of the case." In contemplation of an "appropriate disposition," the parties may stipulate to "a specific sentencing guideline," such as a specific drug amount or offense level. *United States v. Bernard*, 373 F.3d 339, 346 (3d Cir. 2004). The parties' joint request for a specific sentence, and the guidelines calculation therein, "binds the court once the court accepts the plea agreement." Fed. R. Crim. P. 11(c)(1)(C).

## III. Argument

Mr. Shaner asks this Court to accept the 11(c)(1)(C) plea agreement, because it is consistent with the factors set forth in 18 U.S.C. § 3553(a). We address those factors that appear to be most applicable.

2

*A. The History and Characteristics of the Defendant*

Mr. Shaner is 71 years old, and has been married to his wife Marian for 17 years. PSIR ¶¶ 45, 47. He has no biological children, but he happily married into Marian's family. He became a step-father to her three children, and in short time he developed strong and positive relationships with all of them. PSIR ¶ 47. He lived with the youngest during her teenage years, and financially and morally supported all of them through their education paths.

Mr. Shaner's professional career has been dedicated to the counseling and treatment of those in need and the administration of organizations that fill those roles. He graduated from college in 1976, and the obtained a Masters in Counseling and Guidance in 1978 from West Virginia University. PSIR ¶ 56. During his college years, he was retained by Salem College as an assistant instructor in freshman writing, notably developing and running a program titled English as a Second Language for incoming refugees from the Vietnam conflict.

Over the course of the next approximately forty years, Mr. Shaner developed broad experience in clinical counseling and treatment services, largely at non-profit and public organizations. PSIR ¶ 57. He began as a casework supervisor at Social and Community Services of the Diocese of Pittsburgh, and then as an Administrative Director at Try Again Homes. *Id.* He then worked for three years as the Executive Director of Washington County Aging Services, for ten years as the Executive Director of the Washington-Green Drug and Alcohol Planning Commissions. *Id.* In 1998, he founded a medically assisted treatment clinic, and with its success founded and directed as CEO seven others in the region over the next two decades, with varying but related counseling and treatment focuses. *Id.* Most of these businesses have now been sold to larger provider organizations.

During Mr. Shaner's years in public service, he served as board member and officer for numerous organizations, such as the United Way and Big Sisters and Big Brothers. He also did, and continues to, support local arts and cultural institutions, among them the Phipps Conservatory and the ACLU.

Mr. Shaner is one of the fortunate individuals who found a business interest that aligns with his passions. When Mr. Shaner left the public service of his County positions, he found success, but he also always continued to believe in the work he does as being in the public good. He has now done it for forty years, and seen its impact on real lives. He is deeply regretful that, after thirty-six of those years resulted in countless individuals receiving the benefit of medically assisted treatments under proper protocols, his venture, SKS Associates, crossed a line into criminal conduct. His realization of the significance of that, and what it could have meant for the patients, is the reason for his guilty plea.

B. *The Nature and Circumstances of the Offense*

Buprenorphine is a prescription medication FDA-approved since 2000 to treat opioid use disorder. It mimics some of the effects of opiates, without all of their dangers, so as to "diminish the effects of physical dependency," "increase safety in cases of overdose," and "lower the potential for misuse."[1]

Mr. Shaner owned a clinic where buprenorphine was prescribed, and employed the prescribing physicians and supporting staff. PSIR ¶ 14. The clinic sometimes prescribed

---

[1] U.S. Department of Health and Human Services, Substance Abuse and Mental Health Services Administration, "Buprenorphine", available at https://www.samhsa.gov/medication-assisted-treatment/medications-counseling-related-conditions/buprenorphine (last accessed May 4, 2021).

buprenorphine outside the usual course of professional practice, by issuing prescriptions without physicians seeing or examining the patients at every visit. PSIR ¶¶ 18-19. Mr. Shaner was paid with the proceeds of the clinic, and on or about April 7, 2014, he deposited a business payment check in an amount of $50,000 into his personal checking account. PSIR ¶ 20.

As of result of this conduct, Mr. Shaner pleaded guilty to violations of 21 U.S.C. § 856(a)(2) and 18 U.S.C. § 1957. The agreement on sentence reached by Mr. Shaner and the government reflects in part the unique factual circumstances of Mr. Shaner's involvement in the offenses. Mr. Shaner was not a physician, and did not prescribe any of the medication. He owned the facility where it occurred, and as such shared in the proceeds. This is in no way an excuse or even mitigation for the particular offenses that he has pleaded guilty to, but in our view, it goes some distance in explaining why Mr. Shaner's agreed-upon sentence was probationary but also will involve home confinement and forfeiture of a large sum of money. Mr. Shaner has agreed to a punishment that in his view is proportional to his particular offenses.

  C. *The Need for the Sentence Imposed and the Kinds of Sentences Available*

The proposed sentence agreed to by the parties includes 3 years of probation, 10 months of home confinement, and forfeiture of $1,750,000. That total sentence accomplishes all of the purposes of sentencing, including punishment of the criminal conduct, deterrence from additional commission of crime, and rehabilitation of the defendant. It further reflects the seriousness of the offense, and promotes respect for the law, by confining Mr. Shaner to his home and disgorging him of a substantial sum of money.

Although the plea agreement states that the United States is not limited to forfeiture of the stated sum, and contemplates a fine at least insofar as it sets out a repayment plan through the Bureau of Prisons' Inmate Financial Responsibility Program if the Defendant were incarcerated, no additional forfeiture or fine is needed. As to forfeiture, the United States has not identified any additional property or substitute assets to be forfeited, but agrees that the money judgment is sufficient and not greater than necessary. As to a fine, given the substantial forfeiture involved, an additional punitive fine would be greater than necessary to accomplish the purposes of sentencing. In reaching their agreement on sentence, the parties contemplated a fine, and decided that the types of punishment reflected in the plea agreement – probation, home confinement, and forfeiture – were together sufficient under 18 U.S.C. § 3553(a). *Cf. United States v. Manzella*, 475 F.3d 152, 158 (3d Cir. 2007), *as amended* (Feb. 8, 2007) ("'Sentence' has broad meaning. It includes many types of possible punishment . . . ."). Given this contemplation and the agreement that it reached, we ask the Court to impose the sentence as agreed upon, and no more.

D.   *The Sentencing Guidelines*

The PSIR prepared for Mr. Shaner has calculated a total adjusted offense level of 11 and a criminal history category of I, resulting in a guideline range of 8 to 14 months. (PSIR ¶ 66.) Mr. Shaner agrees with this calculation.

The guideline range is in Zone B of the Sentencing Table. Pursuant to U.S.S.G. §5B1.1, "a sentence of probation is authorized" for a Zone B guideline range if the Court "imposes a condition or combination of conditions requiring . . . home detention as provided in subsection (c)(3) of §5C1.1." Section 5C1.1(c)(3), in turn, provides that a Zone B guideline

6

range of imprisonment "may be satisfied by . . . a sentence of probation that includes a condition or combination of conditions that substitute . . . home detention for imprisonment . . . ." The parties in this case agreed to a sentence of 3 years' probation that includes a condition of home detention for ten months, a period of time that falls within the applicable guideline range. As contemplated by the parties, therefore, this agreed-upon sentence falls within the recommended range and is otherwise consistent with the Sentencing Guidelines.

### D. Conclusion

For the foregoing reasons, Defendant Stephen Shaner respectfully requests that the Court accept the parties' Rule 11(c)(1)(C) plea agreement, and impose the agreed upon sentence.

Dated: May 4, 2021

Respectfully submitted,

_____
Michael A. Comber, Esquire
PA ID No. 81951

_____
S. Wesley Gorman
PA ID No. 325565
Reisinger Comber & Miller, LLC
436 Seventh Avenue
Pittsburgh, PA 15219-1827
(412) 894-1380
wgorman@reisingercomber.com

cc: All ECF Registered Counsel of Record