IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 19-04 |
| | ) |
| STEPHEN K. SHANER | ) |

SENTENCING MEMO OF THE UNITED STATES

AND NOW, comes the United States of America, by its attorneys, Stephen R. Kaufman, Acting United States Attorney for the Western District of Pennsylvania, and Robert S. Cessar, Acting First Assistant United States Attorney, and Michael Leo Ivory, Assistant United States Attorney, and hereby submits the following Sentencing Memorandum of the United States, and in support thereof states the following:

Buprenorphine, when correctly administered, can be an effective treatment for those suffering from opioid addiction. United States v. Abovyan, 988 F.3d 1288, 1305 (11th Cir. 2021). See also, Braeburn, Inc. v. United States Food and Drug Administration, 389 F.Supp.3d 1, 12 (D.D.C. 2021). In other words, when done right buprenorphine is part of a course of medical treatment that can help opioid dependent individuals cope with, control, and then emancipate themselves from addiction. Conversely, "[p]rescribing buprenorphine without more is not medical treatment." Aboyvan, 988 F.3d at 1305.

SKS Associates, Incorporated ("SKS"), was ostensibly a clinic that provided Medically Assisted Treatment by having its composite physicians prescribe buprenorphine in the form of Suboxone, Subutex, or Zubsolv to opioid dependent patients (PSR ¶ 14). In reality, it was little more than what it was alleged to be in the Indictment and admitted to at the change of plea hearing: a drug-controlled premise, a pill mill. The doctors employed there merely prescribed buprenorphine to the addicted. Nothing more, nothing less.

In many instances, this buprenorphine, which is a Schedule III controlled substance, "was prescribed and dispensed with no licensed medical professional present at the practice on a regular basis outside the scope of acceptable medical practice. . ." (Id. ¶ 18). And while, defendant Shaner was not a "licensed medical professional," the working environment at his business facilitated and enabled the illicit, wide-scale distribution of a controlled substance by licensed medical professionals. SKS was Shaner's business and he is responsible for the malfeasance that occurred there.

A DATA waiver, i.e., a waiver pursuant to the Drug Treatment Act of 2000, is a necessary component of a buprenorphine program because a physician holding such a waiver can prescribe the drug outside of a clinical setting (PSR ¶ 14). A so-called DATA-waived physician, however, can only treat up to 275 patients. This meant that at SKS, Michael Cash, a DATA-waived physician could only "treat" 275 patients, i.e., paying customers. Despite this impediment defendant Shaner employed two physicians to supervise Dr. Cash's charts (Id. ¶ 19). This was a sham exercise and "had the effect of circumventing the limitations on the number of patients Michael Cash was authorized to treat under DATA." (Id.). More patients meant more money. SKS was not a medical clinic: it was a going concern and a profit mill for its owner, Stephen K. Shaner.

Shaner's motives for operating a pill mill are not stated on the record. By virtue of his background as a social worker and the former executive director of the Washington-Green Drug and Alcohol Planning Commission (PSR ¶ 57), Shaner should be familiar with the travails of the addictions and the toll it takes on an addict's family and the healthcare system. He should have known better.

Individuals become involved in the drug trade to make money; drug dealers do not sell drugs for some noble purpose or out the goodness of their hearts. Stephen Shaner did not unlawfully prescribe buprenorphine, but he did enable and perpetuate its unlawful distribution. His financial condition (PSR ¶ 59) establishes that he clearly and, until he pleaded guilty, unrepentantly chose profit over people and treasure over treatment.

Respectfully submitted,

STEPHEN R. KAUFMAN
ACTING UNITED STATES ATTORNEY

*/s/ Robert S. Cessar*
ROBERT S. CESSAR
Acting First Assistant U.S. Attorney
PA ID No. 47736

*/s/ Michael Leo Ivory*
MICHAEL LEO IVORY
Assistant U.S. Attorney
PA ID No. 59296